MEMORANDUM **
Burt was convicted in state court of second-degree murder, after a trial at which he claimed self-defense. He claims that his trial counsel was ineffective for failing to call two witnesses to testify in his defense. The district court denied his ha-beas petition, and we affirm.
1. We review under the Antiterrorism and Effective Death Penalty Act (“AED-PA”) the state court’s determination that Burt failed to make a prima facie showing of prejudice on his ineffectiveness claim. Burt is correct that, because the state court made no findings of fact, we need not defer under 28 U.S.C. § 2254(d)(2) or (e)(1) of AEDPA. But § 2254(d)(1) applies to purely legal rulings, and the state court’s determination that prejudice was not made out even if one assumes the *24 truth of Burt’s factual submissions is such a ruling. That some additional, but not substantially different, evidence was revealed during the federal evidentiary hearing does not impact our standard of review where, as here, the relevant evidence was presented to the state court and presumed true. Cf. Killian v. Poole, 282 F.3d 1204, 1208 (9th Cir.2002) (“AEDPA deference does not apply to Killian’s perjury claim in this case because the state courts could not have made a proper determination on the merits. Evidence of the perjury, after all, was adduced only at the hearing before the magistrate judge.”).
2. We consider the merits in a slightly different posture than that of the district court, but reach the same result. Because the relevant state court decision determined that Burt failed to state a prima facie claim of prejudice, and because Burt’s federal evidentiary hearing revealed no significant new evidence that was not before the state court as to the prejudice issue, we must first determine whether “it was objectively unreasonable for the state court to conclude on the record before it that no reasonable factfinder could believe that [Burt] had been prejudiced.” Nunes v. Mueller, 350 F.3d 1045, 1055 (9th Cir.2003).
The question is a close one. Edward Lee would have testified that he saw the victim with a black gun in his waistband shortly before the shooting. This testimony would have corroborated, to some degree, Burt’s otherwise entirely uncorroborated testimony that the victim pulled a black gun out of his waistband immediately before Burt shot him. Moreover, the state’s case against Burt was quite weak. Only two eyewitnesses testified to witnessing the shooting, and one had made inconsistent statements to the police. More significantly, both testified that Burt also committed attempted robbery, but the jury acquitted Burt on the attempted robbery count. So the jury plainly did not credit their entire testimony. One additional witness heard a verbal altercation before the shooting, and one witness had made a pri- or statement that she so heard, but testified at trial that she heard nothing before the shooting.
But Lee’s testimony would have bolstered Burt’s self-defense testimony only slightly. Although the testimony provides support for the notion that the victim was armed, Burt also was armed, and Lee’s testimony has no bearing on who initiated the conflict. That was the key question, given Burt’s self-defense defense at trial.
This case is thus unlike Riley v. Payne, 352 F.3d 1313 (9th Cir.2003), in which Riley claimed that a joking conversation with the victim turned sour and Riley shot him in self-defense. Id. at 1315-16. In Riley, the uncalled witness would have corroborated a critical element of Riley’s self-defense claim: that the victim (or his friend) threatened Riley. Id. at 1317-18. Here, in contrast, Lee’s testimony does not speak to the crucial question of whether the victim threatened or pulled a gun on Burt. Similarly, the corroboration provided by the uncalled witnesses’ testimony in Luna v. Cambra, 306 F.3d 954 (9th Cir.2002), amended 311 F.3d 928, and Brown v. Myers, 137 F.3d 1154 (9th Cir.1998), is significantly stronger than that which Lee’s testimony would have provided.
We thus hold that the state court’s decision that Burt failed to state facts which, if proved, would support a claim of prejudice was not an “unreasonable application of[] clearly established Federal law.” § 2254(d)(1). Because we conclude that the state court’s prejudice determination was not unreasonable, we need not decide whether trial counsel’s performance was deficient.
*25 3. Burt moved to expand the certifícate of appealability to encompass two claims of instructional error. Burt points to the trial court’s failure to properly instruct the jury on voluntary manslaughter and to instruct the jury at all on involuntary manslaughter. But “the failure of a state trial court to instruct on lesser included offenses in a non-capital case does not present a federal constitutional question.” Windham v. Merkle, 163 F.3d 1092, 1106 (9th Cir.1998). And while Burt does have a constitutional right to instructions on his theory of the defense, see Clark v. Brown, 450 F.3d 898, 904-05 (9th Cir.2006), the jury was thoroughly instructed on both perfect and imperfect self-defense. He has thus failed to make “a substantial showing of the denial of a constitutional right.” Slack v. McDaniel, 529 U.S. 473, 483, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (quotation marks omitted).
The district court is AFFIRMED. The motion to expand the COA is DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.